UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS COLLADO,                    )
                                 )
              Plaintiff,         )
       v.                        )        C.A. No. 25-11112-WGY
                                 )
JUAN BELLIARD,                   )
                                 )
              Defendant.         )

MEMORANDUM AND ORDER

March 23, 2026

YOUNG, D.J.

For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

I.    Background

Luis Collado ("Collado"), who is proceeding pro se, filed a complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. Doc. No. 1. Collado identifies himself as a resident of Lawrence, Massachusetts. Id. at 1 at ¶ I(A). The defendant is identified as the manager of the Lawrence Housing Authority. Id. at ¶ I(B). The statement of claim consists of the following four sentences:

1. On April 26, 2023, Juan Belliard assaul[ed Collado] in his office.

   2. On November 23, 2023, Mr. Juan Belliard ilegal (sic) removing from the apartment lease.

   3. On [or] around April 26, 2023, [Belliard told Collado to] go to you[r] country [because] you can't come here with yo[ur] family lest you are Jewish.

   4. Mr. Juan Belliard [made defamatory statements] against [Collado] with the children a family office on 07/29/2023.

Id. at ¶ III.

Collado did not check a box on the form complaint to indicate the basis of jurisdiction for this action, id. at ¶ II, and he has not stated what relief he asks the Court to order. Id. at ¶ IV.

With the complaint, Collado filed an Application to Proceed in District Court without Prepaying Fees or Costs. Doc. No. 2.

## II.  Preliminary Review

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law or cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity).

"A federal court must always satisfy itself that it has jurisdiction."). Riley v. Bondi, 606 U.S. —, 145 S.Ct. 2190, 2201 (2025). "[T]he burden of establishing jurisdiction must fall to the party who asserts it." Woo v. Spackman, 988 F.3d

2

47, 53 (1st Cir. 2021) (internal quotation marks and citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In conducting this review, the Court construes the pleadings liberally because the plaintiff is proceeding pro se. See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

**III. Discussion**

Here, federal question jurisdiction does not exist under 28 U.S.C. § 1331 because Collado has not identified a cause of action under federal law. To the extent Collado asserts an assault or defamation claim, diversity jurisdiction does not exist under 28 U.S.C. § 1332 because there is not complete diversity among the parties. Diversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on the other hand." Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332(a)). 2004).

**IV. Conclusion**

In accordance with the foregoing, this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter

jurisdiction and the pending motion is denied as moot. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE